THORNTON DAVIDSON, #166487
ROBERT J. ROSATI, #112006
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:   (559) 256-9800
Facsimile:   (559) 256-9795
e-mail:thorntondavidson@aol.com

Attorneys for Plaintiff, CHERYL LAMBERT

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LAMBERT | Case No.: |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| v. | |
| CIGNA CORPORATION GROUP SHORT TERM AND LONG TERM DISABILITY PLAN, | |
| Defendants. | |

Plaintiff Cheryl Lambert ("Plaintiff") alleges as follows:

**JURISDICTION**

1.   Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3).  Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America.  29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

**VENUE/INTRADISTRICT ASSIGNMENT**

2.   Venue is proper in the Eastern District of California in that Plaintiff is and was a resident of the city of Hanford, in the county of Kings, and in the state of California, when

COMPLAINT FOR DECLARATORY RELIEF

1

Defendant terminated Plaintiff's short term disability benefits and denied her long-term disability benefits. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court in the Fresno Division.

**PARTIES**

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), Cigna Corporation's Group Short and Long Term Disability Plan ("Plan"), Group Policy No.: FLK-546200 ("Policy") and thereby entitled to receive benefits therefrom. Plaintiff was a beneficiary because she was an employee of Cigna Corporation, which established the Plan.

4. The Plan was an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

5. Life Insurance Company of North America ("LINA") insured the Plan and acted on behalf of the Plan in all matters alleged herein.

**CLAIM FOR RELIEF**

6. Plaintiff was employed by Cigna Corporation as Quality Reviewer..

7. In order to be eligible for benefits under the Plan, an employee must meet the Plan's definitions.

The Plan defines the elimination period as:

> "The later of: 1. The date the 26th weekly benefit in any 12 month period is payable under the Employee's short term disability plan; or 2. The date the Employee's participation in an Employer approved transitional work arrangement ends."

The Plan defines the waiting (elimination) period as:

> "The waiting period starts on the date your covered disability begins and ends on the later of: * the end of a continuous 26-week STD period; or * the date your participation in a CIGNA-approved transitional work arrangement ends."

The Plan also states, "Through the Basic LTD Plan, you may receive a benefit of up to 50% of your eligible earnings for a covered disability after the 26-week period which you **may** receive STD benefits." ("Plan, pg. 4.) (Emphasis removed and added.)

///

The Policy defines disabled as:

> "The Employee is considered Disabled if, solely because of Injury of Sickness, he or she is unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative. After Long Term Disability Benefits have been paid for 18 continuous months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is unable to perform all the material duties of any occupation for which he or she is, or may reasonably become qualified by education, training or experience."

The Policy defines Optimum Ability as:

> "1. For the first 18 months that benefits are payable, the greatest extent of work the Employee is able to do in his or her Regular Occupation; 2. After 18 months, the greatest extent of work the Employee is able to do in any occupation based on education, training or experience."

The Plan requires Statutory Disability to be claimed for claimants living in California – which Ms. Lambert does. The Plan states, in part:

> ". . . .California. . . . has[s] laws that require employers to provide disability benefits and that set specific levels for these benefits. . . . Cigna disability plan benefits must at least equal the statutory benefits you are entitled to receive. . . . If the Cigna plan benefit is lower than the statutory benefit, Cigna will pay the difference, if any, between the Cigna plan benefit and the statutory amount so that you will receive at least the same benefit for the same duration that you would under state law."

The Policy does not have a definition of STD.

The Plan does not define "disabled/totally disabled."

8.      Plaintiff became disabled on March 15, 2007.

9.      Plaintiff applied for disability benefits on March 19, 2007 through her employer, Cigna Corporation's Group Short and Long Term Disability Plan ("Plan"), Group Policy No.: FLK-546200 ("Policy").

10.     By letter dated May 11, 2007 (Plan No. SHD0020074) Plaintiff's STD claim was approved from March 15, 2007 through April 11, 2007.

11.     By letter dated August 30, 2007 (Incident No. 1578194 Policy No. SHD0020074) The Plan notified Plaintiff that she was eligible for STD benefits through September 12, 2007.

12.     By letter dated September 24, 2007 (Incident No. 1578194 Policy No. SHD0020074)

13. The Plan notified Plaintiff that it was unable to make a decision regarding her STD claim.

14. A The Plan October 9, 2007, "Internal Resource Response" print-out noted that symptoms were insufficient to support diagnosis. The comment field stated, "Case is approved into June on STD and has since been transferred to LTD. . . . NCM will obtain specialist information and testing and will continue to assist in management of claim until more clarity is provided as claim is transitioning to LTD. Both STD and LTD cms are aware of the plan. CSNCM 10-8-07."

15. By letter dated October 23, 2007 (Plan No. SHD0020074) Plaintiff was notified by The Plan that it was not able to extend her STD benefits beyond June 14, 2007.

16. By letter dated October 25, 2007 (Policy No. FLK0546200) Plaintiff was notified that she was not eligible for LTD benefits because she was not paid through the entire STD period.

17. By letter dated November 2, 2007 (Incident No. 1673821 Policy No. SHD0800012) Plaintiff was notified that her California Statutory benefits had been approved.

18. By letter dated December 6, 2007 (Incident No. 1673821 Policy No. SHD0800012) Plaintiff's STD benefits were extended through February 1, 2008.

19. By letter dated December 10, 2007 Plaintiff submitted her first appeal for STD and LTD benefits to The Plan.

20. By letter dated January 15, 2008 (Incident No. 1578194 Policy No. SHD0020074) The Plan notified Plaintiff that it was in the process of reviewing her STD claim.

21. By letter dated February 4, 2008 (Incident No. 1673821 Policy No. SHD0800012) Plaintiff's STD benefits were extended through March 2, 2008.

22. By letter dated February 13, 2008 (Incident No. 1578194 Policy No. SHD0020074) The Plan notified Plaintiff that it was the process of completing its review of her STD claim.

23. By letter dated February 29, 2008 (Incident No. 1673821 Policy No. SHD0800012) Plaintiff's STD benefits were extended through March 30, 2008.

24. By letter dated March 14, 2008 (Incident No. 1578194 Policy No. SHD0020074). The Plan notified Plaintiff that it was in the process of completing their review of her STD claim.

25. By letter dated March 19, 2008 (Incident No. 1578194 Policy No. SHD0020074)

Plaintiff's appeal was reviewed and The Plan it affirmed its denial of October 25, 2007.

26. By letter dated April 7, 2008 (Incident No. 1673821 Policy No. SHD0800012) Plaintiff's STD benefits were extended through May 4, 2008.

27. At all times mentioned herein Plaintiff was, and continues to be totally disabled under the Plan's definition of totally disabled.

28. This Court is required to review the termination of Plaintiff's LTD benefits with minimal deference to the LTD Plan's determination because:

    A. Cigna is both the administrator and the funding source for the LTD Plan, and therefore has a conflict of interest;

    B. The LTD Plan fiduciaries utilized medical experts to review Plaintiff's who had a financial conflict of interest, and therefore did not provide a neutral, independent review process; and

    C. The LTD Plan fiduciaries failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials.

29. Defendant is judicially estopped to deny that Plaintiff is totally disabled under the Plan's definition because:

    A. Defendant required Plaintiff to apply for Social Security Disability benefits.

    B. Plaintiff did so, and was awarded such benefits.

    C. Pursuant to the terms of the Plan's definitions, all such benefits, except COLA's were paid or used to decrease Defendant's obligation to Plaintiff.

30. Plaintiff has exhausted all administrative remedies required to be exhausted.

31. LINA's termination of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

32. An actual controversy has arisen and now exists between Plaintiff and the Plan with respect to whether Plaintiff is entitled to long-term disability benefits under the Plan.

33. Plaintiff contends, and the Plan disputes, that Plaintiff is entitled to benefits under the terms of The Plan for long-term disability because Plaintiff contends, and the Plan disputes, that

1  Plaintiff is totally disabled.

2      34.    Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that the Plan is obligated to pay long-term disability benefits, under the terms of the Plan, retroactive to the first day her benefits were terminated, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

    35.    A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

    36.    As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of the Plan.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

    WHEREFORE, Plaintiff prays judgment as follows:

    1.    For declaratory judgment against the Plan, requiring it to pay long-term disability benefits under the terms of its Plan to Plaintiff for the period to which he is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Plan.

    2.    For attorney's fees pursuant to statute.

    3.    For costs of suit incurred.

    4.    For such other and further relief as the Court deems just and proper.

Dated: January 14, 2009

/s/ Thornton Davidson
THORNTON DAVIDSON
Attorney for Plaintiff,
CHERYL LAMBERT

COMPLAINT FOR DECLARATORY RELIEF